UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHRISTOPHER WOLF,

     Plaintiff,

 -against-

REINAUER TRANSPORTATION
COMPANIES, LLC, REINAUER
TRANSPORTATION COMPANIES, L.P.,
THE REINAUER COMPANIES, INC.,
REINAUER MARITIME COMPANY,
LLC, and REINAUER MANAGEMENT
COMPANY, INC,

     Defendants.
--------------------------------------------------------x

**MEMORANDUM**
10-CV-4424 (FB) (MDG)

*Appearances:*
For the Plaintiff:
GARY J. DOUGLAS, ESQ.
Douglas & London, P.C.
111 John Street, Suite 1400
New York, NY 10038

*For Defendants:*
GINO A. ZONGHETTI, ESQ.
Kaufman Dolowich & Vouck, LLP
21 Main Street, Suite 251
Hackensack, NJ 07601

**BLOCK, Senior District Judge:**

    The Court issues this memorandum to clarify the rulings made during an informal teleconference held on October 17, 2013. Under discussion was defendants' motion to preclude the plaintiff from claiming damages related to a back injury or, in the alternative, to adjourn the trial date to allow additional discovery on that claim.

    The Court concluded that defendants' counsel was aware during discovery that the plaintiff was claiming damages for a back injury. At his deposition on March 10,

2011, the plaintiff stated that his back "tightening up" was due to the accident giving rise to this litigation. *See* Dep. of Christopher Wolf at 93. He further stated that he saw Dr. Thomas Menke for his back problems. *See id.* at 14. Dr. Menke's records were furnished to defendants' counsel, and were regularly updated during discovery. On August 31, 2011, plaintiff's counsel made a supplemental Rule 26(a)(1) disclosure setting forth his claimed damages; the disclosure made reference to "L4-5, L5-S1 disc bulges." Pl.'s Supp Disclosure Pursuant to FRCP 26(a)(1).

That said, the joint pretrial order submitted after the close of discovery does not reference any back injury. Although the pretrial order mentions "extensive physical therapy" and "orthopedics," those terms clearly refer to the plaintiff's heel injury. Joint Pretrial Order at 3. In addition, Dr. Menke is included in plaintiff's list of proposed witnesses, but is not identified as an expert witness with an opinion as to the cause of the back injury.

The Court suspects that the plaintiff's claimed back injury was omitted because, at the time, he was not incurring significant medical expenses as a result of the injury. *See* Dep. of Christopher Wolf at 14 ("[Dr. Menke] said that's all he could do for me."). Several months later, however, the plaintiff returned to Dr. Menke with continued complaints of back pain. After prescribing physical therapy, Dr. Menke ordered an updated MRI, which revealed that one of the previously identified disc bulges had turned into a herniation causing neural compression. Dr. Menke began more aggressive treatment, culminating in surgical intervention in September 2013.

In other words, subsequent developments have overtaken the pretrial order.

That the developments occurred after the close of discovery is not the plaintiff's fault. On the other hand, defendants' counsel is clearly entitled to prepare a defense to what has only recently become a major component of the plaintiff's claimed damages. The Court was called upon to balance both concerns, as well as its own interest in maintaining an orderly trial calendar.

Having thoroughly considered the matter, the Court adheres to the view that its solution, while not totally satisfactory to any party, is fair to all. Accordingly, plaintiff's counsel shall turn over any discovery regarding his client's back injury by November 1, 2013. He shall also make his client available for an examination and deposition on or before that date. That schedule will give defendants' counsel a full month to review the plaintiff's disclosures, and to develop whatever evidence he thinks necessary to respond to them at trial.

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 21, 2013